**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

GREGORY WILLIAMS, individually

     Plaintiff,

v.

GE CAPITAL RETAIL BANK

     Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, GREGORY WILLIAMS, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, GE CAPITAL RETAIL BANK, hereinafter "Defendant", for statutory and/or actual damages, and attorney's fees for violations under the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA"), and in support thereof alleges as follows:

### JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and 15 U.S.C. §1681 *et seq.*

### VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 (b) and (c), as the unlawful practices alleged herein took place in Broward County, Florida, and the Defendant is headquartered in Utah and transacts business in Broward County, Florida, and the transaction that is the basis of Plaintiff's

Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3.    Plaintiff, GREGORY WILLIAMS is an individual residing in the County of Broward, State of Florida, and is a "consumer" as defined by §1681a(c) of the FCRA and as amended in §1692 *et seq*.

4.    Plaintiff brings this action against Defendant based on the Defendant's practice of violating 15 U.S.C. §1681i, a provision of the FCRA.

5.    Defendant, GE CAPITAL RETAIL BANK, regularly conducts business in the State of Florida where it engages and conducts business and Defendant is considered a "person" as defined by 15 U.S.C. § 1681a(b) and a "furnisher of information" pursuant to 15 U.S.C §1681 of the FCRA.

## BACKGROUND

6.    The Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. (hereinafter "FCRA"), was originally enacted in 1970 for the purpose of regulating the collection, dissemination, and use of consumer credit information.

7.    The FCRA, codified as 15 U.S.C. §1681a provides as follows:

> (1)(a)   A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

> (1)(b)   A person shall not furnish any information relating to a consumer to any consumer reporting agency if –
>    (i)     the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
>    (ii)    the information is, in fact, inaccurate.

(2)    A person who –

    (A)    regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

    (B)    has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

8.    On or around August 2012, Plaintiff discovered two derogatory items on Plaintiff's credit report obtained from Experian and Equifax which was not being reported accurately.

9.    On or about, August 19, 2012, the Plaintiff mailed a dispute letter, to the credit bureaus, namely, Experian and Equifax in which Plaintiff requested that Plaintiff's credit profile be reinvestigated and corrected to delete the incorrect derogatory item reported by the Defendant credit reporting agency.

10.    Plaintiff specifically disputed each account listed on Plaintiff's credit report reported by the Defendant and demanded its removal.

11.    Experian and Equifax received Plaintiff's dispute letter and upon information and belief, sent either a consumer dispute verification form(s) and/or an electronic automated consumer dispute verification form(s) to the Defendant.

12.    However, despite having received two dispute letters from Experian and Equifax directly, Defendant failed to properly conduct a reasonable investigation and make the corrections to the Plaintiff's credit profile as required by 15 U.S.C. §1681i.

13.    As a result of this willful violation of §1681c(g), Plaintiff has suffered damages as a result of Defendant incorrectly reporting Plaintiff's credit worthiness, Plaintiff's impaired ability

to rebuild Plaintiff's credit worthiness, Defendant misinforming third-parties as to the status of Plaintiff's account which is incorrect, inaccurate, misleading and/or false, Plaintiff's inability to obtain and benefit from new credit, and Plaintiff's mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

14.   As such, Defendant is liable to Plaintiff as promulgated by Congress in 15 U.S.C. §1681n which provides as follows:

   (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

   (1)     (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
   (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

   (2)     such amount of punitive damages as the court may allow; and

   (3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORING ACT,
## 15 U.S.C. §1681s-2(B)
## (HHGREGG ACCOUNT)

15.   Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 14 herein.

16.   At all times material to this action, Defendant violated § 1681n and § 1681o of the FCRA by engaging in willful and negligent acts which violate § 1681s(2)(B) as follows:

   a.   Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b.   Failing to review all relevant information concerning Plaintiff's account as provided to the Defendant;

c. Reporting the inaccurate status of the inaccurate information to credit reporting agencies and/or without including a notation that the debt was disputed;

d. Failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation;

e. Failing to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by the Plaintiff;

f. Failing to correctly report results of an accurate investigation to every other credit reporting agency;

g. Continuing to furnish and disseminate inaccurate and derogatory credit, account status and other information concerned the Plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate.

h. Failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(B).

**COUNT II**
**VIOLATION OF THE FAIR CREDIT REPORING ACT,**
**15 U.S.C. §1681s-2(B)**
**(SAM'S CLUB ACCOUNT)**

17. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 14 herein.

18. At all times material to this action, Defendant violated § 1681n and § 1681o of the FCRA by engaging in willful and negligent acts which violate § 1681s(2)(B) as follows:

a. Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Failing to review all relevant information concerning Plaintiff's account as

provided to the Defendant;

c.  Reporting the inaccurate status of the inaccurate information to credit reporting agencies and/or without including a notation that the debt was disputed;

d.  Failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation;

e.  Failing to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by the Plaintiff;

f.  Failing to correctly report results of an accurate investigation to every other credit reporting agency;

g.  Continuing to furnish and disseminate inaccurate and derogatory credit, account status and other information concerned the Plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate.

h.  Failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(B).

## JURY TRIAL DEMAND

19.  Plaintiffs request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, prays that this Court enter the following relief against the Defendant:

(a)  Actual Damages pursuant to 15 U.S.C. §1681o(a) be awarded for each negligent violation as alleged herein;

(b)     Statutory Damages pursuant to 15 U.S.C. §1681n(a) be awarded for each willful

violation as alleged herein;

(c)     Punitive Damages under 15 U.S.C. §1681n(a)(2);

(d)     Attorneys' fees, litigation expenses and costs pursuant to 15 U.S.C. §1681n(a)(3)

and §1681o(a)(2);

(e)     Interest as permitted by law; and

(f)     Such other and further relief including as the Court deems equitable and just

under the circumstances.


DATED:  January 25, 2013.

MILITZOK & LEVY, P.A.
*Attorneys for Plaintiff*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
(954) 727-8570 - Telephone
(954) 241-6857 – Facsimile
mjm@mllawfl.com

By: /s/ Matthew J. Militzok
MATTHEW J. MILITZOK, ESQ.
Fla. Bar No.: 0153842